**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SHARIFF ATUN EL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, et al. | : | NO.  13-3970 |

## MEMORANDUM/ORDER

**AND NOW,** this 31st day of March, 2014, upon consideration of "Federal Respondents'
Motion to Dismiss Petition with Prejudice" (ECF Document 2) and "Judicial Respondent's
Motion to Dismiss Petition with Prejudice" (Document 4), it is hereby **ORDERED** that
Respondents' motions (Docs. 2 & 4) are **GRANTED**, and this case is **DISMISSED** in its
entirety.  **IT IS FURTHER ORDERED** that any remaining petitions, motions, and requests by
petitioner are **DISMISSED** as moot.

This civil action was removed from the Supreme Court of Pennsylvania, where petitioner,
Shariff Atun El, filed a document pro se styled "Petition for Writ of Prohibition or, in the
alternative, Habeas Corpus; et. al, on Writ of Certiorari."  In the caption of his petition, petitioner
names as parties numerous federal respondents, including among others, the United States of
America, the United States Congress, and the United States Department of Justice (all of the
federal respondents named in the caption are referred to herein as "Federal Respondents").  Also
included as a named respondent is the Supreme Court of Pennsylvania ("Judicial Respondent").

The petition is far from a model of clarity.  It appears to claim that petitioner is not a
United States citizen, but instead is a "Moorish American National" who has been

"denationalized."  Petitioner also appears to allege that the District of Columbia Code is

unconstitutional, and he appears to challenge the underlying criminal convictions adjudicated in

the Superior Court of the District of Columbia.  Moreover, he claims parts of the United States

Constitution are invalid, namely the Fourteenth Amendment, and that Moorish American

Nationals are not subject to the laws of the United States, in any event.

        In determining the sufficiency of a pro se Complaint the Court must construe the facts

stated in the Complaint liberally in favor of the plaintiff.  *See Haines v. Kerner*, 404 U.S. 519

(1972).  However, a Complaint, including a pro se Complaint, must conform with requirements

of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a) requires that the Complaint be

simple, concise, direct and set forth "a short and plain statement of the claim showing that the

pleader is entitled to relief."  *Leatherman v. Tarrant Cnty. Narcotics Intelligence and

Coordination Unit*, 507 U.S. 163, 168 (1993).  Courts do not accept bald assertions, unsupported

conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual

allegations.  The Supreme Court has instructed that Rule 8(a) "demands more than an unadorned,

the-defendant-unlawfully-harmed-me accusation" or "naked assertions" that are devoid of

"factual enhancement."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations

omitted).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

elements of a cause of action will not do."  *Id.*

        "To survive a motion to dismiss, 'a complaint must contain sufficient factual matter,

accepted as true to state a claim to relief that is plausible on its face.'"[1]  *Sheridan v. NGK Metals*

---

[1]The same is true for the allegations contained in a petition, i.e., they require more than
threadbare recitals and conclusory allegations.  *See United States v. Thomas*, 221 F.3d 430, 437-
38 (3d Cir. 2000) (holding "vague and conclusory allegations contained in a § 2255 petition may

*Corp.*, 609 F.3d 239, 262 n.27 (quoting *Iqbal*, 556 U.S. at 678).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678.  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678; *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (the court is "not bound to accept as true a legal conclusion couched as a factual allegation") (internal quotation marks omitted).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679.

Here, the petition largely asserts legal conclusions, devoid of supporting factual assertions, and these legal conclusions are entitled to no weight.  *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (citing *Iqbal*, 556 U.S. at 679).  The petition does not contain factual content demonstrating that petitioner is entitled to relief.  For example, it alleges that the D.C. Code and the Fourteenth Amendment are invalid without a specific explanation of the events that bring him before this Court or the legal principles under which he is entitled to legal relief.  Indeed, the majority of the petition is incomprehensible and is far from the "short and plain statement" that Rule 8 requires.  Since the petition does not "contain sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face," *see Sheridan*, 609 F.3d at 262 n.27 (quoting *Iqbal*, 556 U.S. at 678), the petition cannot survive defendants' motions to dismiss.

Furthermore, in particular, to the extent that the petition complains that "Moorish

---

be disposed of without further investigation by the District Court"); *United States v. Dawson*, 857 F.2d 923, 928 (3dc Cir. 1988) (holding a failure to allege sufficient facts can lead to summary dismissal of a claim); *see also Mayberry v. Petsock*, 821 F.2d 179 (3d Cir. 1987).

American citizens" have been "denationaliz[ed]," and are not subject to the laws of the United

States, such claims must be dismissed in that, even assuming plaintiff is an alien under United

States law, "[a]liens[2] must obey the laws of the United States as the duties and obligations of

aliens residing in the United States do not differ materially from those of native born or

naturalized citizens." *Khattab El*, 1988 WL 5117, at *2 (citation omitted) (dismissing case of

alleged Moorish American); *see Wright-El v. Jackson*, 2012 WL 3614452, *2 (W.D. N.C. 2012)

("Any claim, therefore, that the Petitioner is 'not subject to the laws of North Carolina because of

his alleged Moorish nationality' must be considered frivolous.  Likewise, any claim raised by the

Petitioner which is based on his membership in such a nation must be considered frivolous.  Any

claim, moreover, which relies on documents or arguments based on the doctrines of that nation

must be considered frivolous.").  To the extent that the petition attacks the validity of the

Fourteenth Amendment or other parts of the Constitution, the petition fails to state "facts

asserting a cognizable wrong" or "assertions of cognizable legal claims and sufficiently indicate

that each entity or person named as defendant was personally involved in the wrongs asserted."

*Bey v. Hillside Twp. Municipal Court*, 2012 WL 714575, *7 (D. N.J. 2012).  This Court further

lacks jurisdiction under Federal Rule of Civil Procedure 12(b)(1) to hear petitioner's claim that

the Fourteenth Amendment is unconstitutional, as petitioner lacks standing to assert this

generalized grievance against the United States.[3]  To the extent the petition alleges claims against

---

[2]"An alien is defined as 'any person who is not a citizen or a national of the United States,' 8 U.S.C. § 1101(a)(3)[], and 'one who has voluntarily relinquished citizenship.' [*Id.*] § 1481."  *See Khattab El v. U.S. Justice Dept.*, 1988 WL 5117, *2 (E.D. Pa. 1988)

[3]*See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) ("Over the years, our cases have established that the irreducible constitutional minimum of standing contains three elements.  First, the plaintiff must have suffered an 'injury in fact' - an invasion of a legally

the Supreme Court of Pennsylvania, such claims are barred by Eleventh Amendment immunity.
*See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (Pennsylvania's court
entities constitute Commonwealth entities entitled to federal Eleventh Amendment immunity).
In any event, as explained above, the petition does not "contain sufficient factual matter,
accepted as true to state a claim to relief that is plausible on its face," *see Sheridan*, 609 F.3d at
262 n.27 (quoting *Iqbal*, 556 U.S. at 678).  In that the petition fails to comply with rule 8 of the
Federal Rules of Civil Procedure, fails to state a claim by alleging sufficient facts to support a
plausible claim on its face, contains claims which are frivolous, and includes claims which are
barred by immunity and for which petitioner lacks standing, the petition must be **DISMISSED** in
its entirety.

BY THE COURT:

 s/ L. Felipe Restrepo
L. FELIPE RESTREPO
UNITED STATES DISTRICT JUDGE

---

protected interest which is (a) concrete and particularized and (b) 'actual or imminent, not
conjectural or hypothetical.'  Second, there must be a causal connection between the injury and
the conduct complained of - the injury has to be 'fairly . . . trace[able] to the challenged action of
the defendant, and not . . . th[e] result [of] the independent action of some third party not before
the court.'  Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be
'redressed by a favorable decision.'" (internal citations omitted)); *see also United States v.
Richardson*, 418 U.S. 166, 172 (1974) (The party who invokes the judicial power must be able to
show not only that the statute is invalid but that he has sustained or is immediately in danger of
sustaining some direct injury as the result of its enforcement, and not merely that he suffers in
some indefinite way in common with people generally); *Fairchild v. Hughes*, 258 U.S. 126, 129
(1922).